# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. Nos. 9704018986 |
| | ) | |
| TIMOTHY C. LOVATO, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 17, 2023
Decided: June 13, 2023

## ORDER DENYING DEFENDANT TIMOTHY C. LOVATO'S MOTION FOR SENTENCE REDUCTION

This 13th day of June 2023, upon consideration of the Motion for Sentence Reduction filed by Defendant Timothy C. Lovato ("Lovato") and the record in this case:

1. Lovato moves for a reduction of his of his probationary sentence. On February 6, 1989, Lovato was sentenced for a single count of Unlawful Sexual Intercourse First Degree to 50 years at Level V, suspended after 25 years for 25 years at Level IV, suspended after six months for 24 years and six months at Level III, suspended after 30 months for 23 years at Level II.[1] The sentence was effective April 24, 1997.[2]

---

[1] Sentence Order, D.I. 10.
[2] *Id.*

2.     On May 11, 1999, Lovato moved through counsel for a modification of that sentence pursuant to Superior Court Criminal Rule 35 ("Rule 35").[3]   That motion was denied on June 7, 1999.[4]   On January 24, 2019, after having been released for Level V, Lovato moved *pro se* under Rule 35 to be discharged from probation.[5]   The Court denied that motion on January 28, 2019, telling Lovato that the Court would not consider a discharge of his probation absent such a recommendation from his probation officer.[6]   On September 9, 2020, Lovato again moved to be discharged from probation "because his probation officer, Ms. Vouros, suggested that he do so!"[7]   The Court denied that motion because it was repetitive and did not include a recommendation from Lovato's probation officer that he be discharged from probation.[8]

3.     In the present motion, Lovato's fourth, he seeks to modify the length of his probation to 24 years at Level III, suspended after 60 months at level III.

4.     Rule 35(b) governs motions for modification of sentence.   Rule 35(b) provides that "[t]he court *will not* consider repetitive requests for reduction of

---

[3] Mot. for Modification of Sentence, D.I. 15.
[4] Order, D.I. 17.
[5] Mot. to Modify Sentence, D.I. 18.
[6] Order, D.I. 19.
[7] Motion to Modify Sentence at ℙ 3, D.I. 20
[8] D.I. 21.

sentence."[9]  The bar to repetitive motions has no exception.[10]  This bar is absolute and flatly "prohibits repetitive requests for reduction of sentence."[11]

5.      Because there is no exception to Rule 35(b)'s bar to repetitive motions, Lovato's fourth motion for reduction of his sentence must be **DENIED**.

6.      Nevertheless, despite Lovato again not including a recommendation from his probation officer, the Court solicited his probation officer's comments. Officer Vouros writes:

> I have carefully reviewed the attached motion for sentence reduction, as instructed.
>
> On February 6, 1998, Mr. Lovato was sentenced to 50 years Level 5 suspended after serving 25 years for 6 months at Level 4, followed by 25 years and 6 months of community supervision.  In April 2018, Mr. Lovato was released and began his community supervision, which included over 3 years of conditional release.  Due to being classified as a Tier 3 High Risk Sex Offender, Mr. Lovato was required to be monitored under GPS and had to adhere to all se [sic] offender conditions.
>
> Despite facing the challenged [sic] that most registered sex offender [sic] encounter upon re-entering society after

---

[9] Super. Ct. Crim. R. 35(b) (emphasis added).

[10] *State v. Ransome,* 2023 WL 2421056 (Del. Super. Ct. Mar. 7, 2023) (citing *State v. Culp,* 152 A.3d 141, 144 (Del. 2016); *State v. Redden,* 111 A.3d 602, 608-09 (Del. Super. Ct. 2015); corrected (Apr. 17, 2015)).

[11] *Thomas v. State*, 2002 WL 31681804, at *1 (Del. 2002).  *See also Jenkins v. State*, 2008 WL 2721536, at *1 (Del. 2008) (explaining that Rule 35(b) "prohibits the filing of repetitive sentence reduction motions."); *Morrison v. State*, 2004 WL 716773, at *2 (Del. 2004) (explaining that the "motion was repetitive, which also precluded its consideration by the Superior Court.").

serving time, Mr. Lovato managed to secure stable housing and secure full-time employment with [sic] months. He was [sic] maintained both consistently throughout his probation. He underwent a psychosexual treatment assessment and participated in weekly therapy groups as required. In February 2023, Mr. Lovato successfully completed community sex offender treatment with Progressions. Over the past 5 years, he has fully complied with all probation terms and has never received any sanctions or violations. He continued to exhibit compliance and appears to be adjusting well in the community.

At present, probation has no objection to Mr. Lovato's request.

7. Were he to be sentenced today, it is unlikely that Lovato would receive a sentence of probation approaching the 24 ½ years of probation that was imposed in 1998. In 2003, 11 *Del. C.* § 4333 was enacted into law. Section 4333(b) provides that "The length of any period of probation or suspension of sentence shall be limited to: (1) Two years, for any violent felony in this title as designated in § 4201(c) of this title." But, such limitation does not apply "to any sentence imposed for a conviction of any sex offense as defined in § 761 of this title if the sentencing court determines on the record that a longer period of probation or suspension of sentence will reduce the likelihood that the defendant will commit a sex offense or other violent offense in the future."[12] The two-year limitation on probationary

---

[12] 11 *Del. C.* § 4333(d)(1).

4

sentences of § 4333(b) is "applicable to sentences imposed prior to June 1, 2003 [the effective date of the statute] *only* upon order of the Court entered for good cause shown after its consideration of an application for sentence modification *filed by the Department of Correction*."[13]

8.    Thus, while the Court denies Lovato's motion under Rule 35(b), as it must, it would consider an application under 11 *Del. C.* § 4333(j) made by the Department of Correction were it to be presented with one.

**THEREFORE,** Defendant Timothy Lovato's Motion for Reduction of Sentence is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

Original to Prothonotary
cc:    Timothy C. Lovato
        Daniel E. Logan, Esquire, State Prosecutor
        Gregory E. Smith, Esquire, Deputy Attorney General
        Officer Jessica Vouros
        Investigative Services

---

[13] 11 *Del. C.* § 4333(j) (emphasis added).